UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE BUTLER,

    Plaintiff,

v.                                              Case No. 8:19-cv-2771-T-60TGW

BOB GUALTIERI, in his official
capacity as Sheriff of Pinellas
County, and AMY GEE,
in her individual capacity,

    Defendants.
_____/

## ORDER DENYING "DEFENDANT, BOB GUALTIERI, AS SHERIFF OF PINELLAS COUNTY, IN HIS OFFICIAL CAPACITY'S, MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT V OF THE SECOND AMENDED COMPLAINT"

This matter is before the Court on "Defendant, Bob Gualtieri, as Sheriff of Pinellas County, in his Official Capacity's, Motion for Judgment on the Pleadings as to Count V of the Second Amended Complaint," filed on September 25, 2020. (Doc. 63). On October 5, 2020, Plaintiff filed a response in opposition. (Doc. 66). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

On January 8, 2019, Plaintiff Marie Butler was arrested for disorderly intoxication, a second-degree misdemeanor, and was taken to the Pinellas County Jail. While at booking, Plaintiff was injured when Amy Gee, a deputy at the Pinellas County Sheriff's Office ("PCSO") at that time, performed a takedown on her. During the takedown, Plaintiff, who was handcuffed behind her back, broke

her left arm.  Gee then pulled Plaintiff to her feet by grabbing Plaintiff's broken arm.

Plaintiff's husband filed a complaint against Gee with the PCSO Administrative Investigation Division.  PCSO ultimately determined that Gee's use of force was not reasonable, and Gee's employment was terminated on April 5, 2019.

Plaintiff now sues Bob Gualtieri, in his official capacity as Sheriff of Pinellas County, for battery and negligence based on vicarious liability, and for *Monell* liability under 42 U.S.C. § 1983.  The Sheriff has moved for judgment on the pleadings as to the § 1983 claim, arguing that the facts alleged do not give rise to *Monell* liability.  Specifically, the Sheriff contends that the second amended complaint contains no factual detail to support the conclusory allegation that the incidents were "materially similar" and "constitutional violations."

## Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).  Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.  *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  The court must also consider the answer and any documents attached as exhibits.  *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the

substance of the pleadings and any judicially noticed facts." *Cunningham*, 592 F.3d at 1255 (internal quotation omitted).

## Analysis

In her § 1983 claim against the Sheriff, Plaintiff alleges that he is liable because of his failure to train deputies as to the circumstances in which a handcuffed takedown may be used on a detainee or arrestee. To support her allegations, Plaintiff points to three other incidents, occurring between March 19, 2017, and December 22, 2018, in which handcuffed individuals were injured at the jail when deputies performed takedowns on them. All three incidents required the detainees to be taken to the hospital for treatment.

The Sheriff argues that the § 1983 failure-to-train *Monell* claim is unsupported by sufficient factual allegations. The Court has already addressed a substantially similar or identical argument. In a February 20, 2020, Order, the Honorable James S. Moody denied the Sheriff's motion to dismiss, explaining that Plaintiff had pled a sufficient claim:

> Considering this framework, the Court concludes Butler adequately pleaded a failure-to-train claim against PCSO. Butler alleged PCSO deputies were not trained on how and when to perform takedowns on non-resisting, handcuffed detainees. Butler alleged PCSO was on notice of the failure to train its deputies, given the prior incidents of injuries at the Jail when deputies performed takedowns on three other handcuffed detainees that required hospital treatment. Butler also alleged that this failure to train was not idiosyncratic to Gee by alleging that (1) all the deputies who witnessed the takedown believed Gee used reasonable and necessary force, (2) other deputies testified that they had not been trained on how to takedown handcuffed detainees, and (3) deputies could not agree whether the fact a detainee was handcuffed would affect how a takedown should be performed. While these allegations are somewhat diminished by the fact that it only looks to six other deputies, these allegations considered in light of

the remaining allegations sufficiently plead a claim for *Monell* failure-to-train liability.

(Doc. 33).

Although an amended complaint was subsequently filed, Plaintiff's minor revisions do not change this analysis.[1] Accepting Plaintiff's well-pleaded facts as true, as it is required to do at this stage of the proceedings, the Court concludes that the Sheriff is not entitled to judgment as a matter of law as to Count V. Consequently, the motion is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant, Bob Gualtieri, as Sheriff of Pinellas County, in his Official Capacity's, Motion for Judgment on the Pleadings as to Count V of the Second Amended Complaint" (Doc. 43) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>21st</u> day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[1] For example, Paragraphs 2, 55, 61, and 62 were amended to replace the term "non-resisting citizen" with the term "detainees or arrestees," and Paragraphs 48, 52, and 66 were amended to replace the words "lack of resistance" with "level of resistance, if any."